**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER SOARES,** | : | **No. 3:26cv1544** |
| **Petitioner** | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN F. GARZA,** | : | |
| **Respondent** | : | |

# MEMORANDUM

Petitioner Christopher Soares ("Soares") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Soares argues that the Federal Bureau of Prisons ("BOP") should immediately apply his First Step Act ("FSA") time credits because he is serving a sentence for a non-violent drug offense. (Id. at 6-8). For the reasons set forth below, the court will deny the habeas petition.

## I. Background

Soares is serving a 160-month term of imprisonment for his conviction of possession with intent to distribute methamphetamine, imposed by the United States District Court for the District of Oregon. (Doc. 8-2, Declaration of BOP Attorney Austin J. Langon ("Langon Decl."), at 2 ¶ 3; Doc. 8-3, Public Information Inmate Data).

According to documentation submitted by respondent, Soares' current projected release date is November 5, 2028, via good conduct time release. (Id.).

Respondent argues that the habeas petition must be denied because Soares is statutorily ineligible for application of his FSA time credits due to his high recidivism risk score, as determined under the PATTERN risk system[1], and because the warden maintains complete discretion as to whether to apply FSA time credits of inmates with medium or high recidivism risk scores. (Doc. 8; Doc. 8-5, FSA Recidivism Risk Assessment).

## II. Discussion

The FSA was enacted by Congress in 2018. The primary goal of the FSA is to reduce recidivism of federal prisoners upon their release from imprisonment. 18 U.S.C. § 3632(a). Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System (the "System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632(a). The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent

[1] The "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN") risk score was developed as prescribed in the FSA, and accounts for factors such as an inmate's prior crimes, history of violence, and incident reports in prison, among other factors. See 18 U.S.C. § 3632.

or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRRs") programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRR programming and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id.

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive FSA time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A). An inmate may initially earn 10 days of credit for every 30 days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every 30 days of successful participation. See id.

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners. Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. 18

U.S.C. § 3624(g)(1)(D)(i). For early transfer to supervised release, Section 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." Id. § 3624(g)(1)(D)(ii). The clear language of 18 U.S.C. § 3624(g) precludes application of time credits until Soares has lowered his recidivism risk level.

If the inmate is unable to satisfy this requirement concerning his recidivism risk level, then he may petition the warden of the prison to be individually considered for placement in prelease custody or supervised release. See 18 U.S.C. § 3624(g)(1)(D)(i)(II). The warden, in turn, can approve the inmate's "petition to be transferred to prerelease custody or supervised release" upon concluding that: (1) the inmate "would not be a danger to society if transferred to prerelease custody or supervised release;" (2) the inmate "has made a good faith effort to lower [his] recidivism risk through participation in recidivism reduction programs or productive activities;" and (3) the inmate "is unlikely to recidivate[.]" See id. § 3624(g)(1)(D)(i)(II)(aa)-(cc); see also 28 C.F.R. § 523.44(c)(2)(i)-(iii).

Inmates who are eligible for FSA time credits can accrue credits, but those credits cannot be applied until the inmate has earned a low or minimum recidivism risk. See 28 C.F.R. § 523.44. Soares is eligible to earn FSA time credits. Although Soares may be eligible to earn time credits, those credits

cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Soares' current recidivism risk level is high. (Doc. 8-5, FSA Recidivism Risk Assessment). Based on his recidivism risk score, Soares will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. 18 U.S.C. § 3624(g)(1)(B).

Additionally, an inmate with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release. See 18 U.S.C. § 3624(g)(1)(D)(i)(II). Soares mistakenly believes that he does not "have to apply to the warden at any time." (Doc. 1, at 8). Pursuant to § 3624(g)(1)(D)(i)(II), Soares must petition the warden to be considered for application of his FSA time credits despite his recidivism risk score. There is nothing in the record indicating that he made such a request to the warden. (See Doc. 1, at 8). Thus, the court must deny the habeas petition.

## III. Conclusion

Consistent with the foregoing, the court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). An appropriate order shall issue.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Dated: July 31, 2026**